E-FILED
Thursday, 12 March, 2020  12:22:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL R. WALKER, | ) |
| Petitioner, | ) |
| v. | ) Case No. 19-3155 |
| JEFF DENNISON, Warden, Shawnee Correctional Center, | ) |
| Respondent. | ) |

## OPINION

RICHARD MILLS, United States District Judge:

Petitioner Michael R. Walker has filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus.

Pending also is the Respondent's motion to dismiss.

On May 31, 2018, in the Circuit Court of Sangamon County, Illinois, the Petitioner was convicted of two counts of predatory sexual assault of a child and two counts of aggravated criminal sexual abuse. Following the trial, the Petitioner moved for substitution of the judge. He appealed the denial of that motion on October 5, 2018. That premature appeal was dismissed.

1

On November 2, 2018, the circuit court sentenced the Petitioner to 30 years in prison. The Petitioner filed another appeal. According to the Sangamon County Docket Report in Case Number 2015-CF-001062, the appeal is still pending.

On June 17, 2019, the Petitioner filed this § 2254 petition, alleging the state trial court's improper denial of his post-trial motion for substitution of judge renders his sentence void.

In order to obtain habeas relief, a state prisoner must show that he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1); *see also Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018) ("A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review.") (citation omitted).

Because the Petitioner's direct appeal is pending, he has not given the state court an opportunity to address what he alleges is a constitutional violation. A review of the record shows that he has not properly exhausted his claims. Accordingly, the Court will dismiss the § 2254 petition.

Upon reviewing the record, the Court finds that Petitioner has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), and thus is not entitled to a certificate of appealability under Rule 11(a) of the Rules Governing Section 2254 Cases. If the Court denies habeas relief on

procedural grounds, a certificate of appealability should issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because it is not debatable that Petitioner has not properly exhausted his claims, the Court will deny a certificate of appealability.

Ergo, the Respondent's motion to dismiss without prejudice Petitioner's unexhausted habeas petition [d/e 9] is GRANTED.

The Petition of Michael R. Walker for Writ of Habeas Corpus under 28 U.S.C. § 2254 [d/e 1] is DISMISSED without prejudice.

The Clerk will substitute Jeff Dennison, Warden of Shawnee Correctional Center, as the proper Respondent.

The Clerk will terminate any pending motions and enter Judgment.

ENTER: March 12, 2020

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge